IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTONIO GOLDMON, #L2050**                                              **PLAINTIFF**

v.                                                        CAUSE NO. 1:14-cv-424-LG-RHW

**WEXFORD HEALTH, ET AL.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Antonio Goldmon, an inmate of the Mississippi Department of Corrections, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, and requested *in forma pauperis* (IFP) status. On December 11, 2014, Goldmon's first Motion [2] to proceed IFP was denied because his inmate account balance was $662.89. *See* Order [8]. He was directed to pay the filing fees within 30 days. The Order [8] warned Goldmon that failure to timely pay the fees may result in the dismissal of this action without further notice.

Instead of paying the filing fees, Goldmon filed a second Motion [9] to proceed IFP. On February 20, 2015, Goldmon's second Motion [9] to proceed IFP was denied because his inmate account balance was $444.07. *See* Order [10]. The Order [10] of February 20, 2015, directed Goldmon to file a written response, on or before March 5, 2015, showing cause why this case should not be dismissed for his failure to comply with the Order [8] of December 11, 2014. The Order [10] also extended Goldmon's deadline to pay the required filing fees to March 5, 2015. The Order further stated "[t]hat if the $400.00 fees are not received on or before **March 5,**

**2015**, Goldmon is **WARNED** that this action will be **DISMISSED** without further written notice." Order [10] at 2 (emphasis in the original). Goldmon has not complied with this Order, and he has not contacted the Court since December 22, 2014.

This Court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Goldmon has failed to comply with two Court Orders [8, 10], and he has not contacted the Court about this case in over 90 days. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Goldmon's failure to prosecute and for failure to comply with the Orders [8, 10] of the Court under Rule 41(b) of the Federal Rules of Civil

Procedure. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order); *Davis v. Gordon*, No. 02-61123, 2003 WL 22120979 (5th Cir. Sept. 12, 2003) (affirming dismissal of prisoner's case for failure to pay the filing fee).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this cause is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b). A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE